IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

Erin Powell, as Next Friend to
J.P., a minor child     *Plaintiff*

vs.     **Civil Action No. 4:14-cv-00661-SWW**

Graco Children's Products, Inc.     *Defendant*

## PLAINTIFF'S SECOND AMENDED COMPLAINT

**To the Honorable United States Judge of Said Court:**

COMES NOW, J.P., a minor child, by and through the Next Friend, Erin Powell (hereinafter referred to as "Plaintiff"), and by and through undersigned counsel, and respectfully files this Second Amended Complaint against Graco Children's Products, Inc. (hereinafter referred to as "Defendant").

In support hereof, the minor Plaintiff would state and show unto this Honorable Court the following:

### I. Parties

1. Plaintiff J.P. is a minor child, and appears in this action by and through a next friend, Erin Powell, who is the child's mother. The minor child resides in and is a citizen of Sallisaw, Oklahoma.

2. Defendant Graco Children's Product is a foreign corporation and at all times doing business in the State of Arkansas, and service of process upon this Defendant is not necessary as Defendant has already appeared through counsel.

## II. Jurisdiction

3. This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332.

4. The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## III. Facts

5. The minor Plaintiff seeks recovery for damages under any applicable statute and/or common law of the state of Arkansas.

6. On or about October 11, 2011, the minor child was riding in a 2008 Chrysler Town & Country van traveling westbound on Interstate 40, near mile market 127, in Faulker County, Arkansas, when for unknown reasons control of the vehicle was lost and it struck another vehicle.

7. At the time of the accident, J.P., the minor child, was in a Graco booster seat, model #8491RGB, Serial #JJ0116030489885, manufactured on or about January 16, 2003.

8. Despite being properly restrained in the seat, J.P., the minor child, sustained serious injuries when the child seat failed to protect him.

9. Defendant Graco Children's Products, Inc., purchased the assets and assumed the liabilities of Century Product Company, including any liabilities related to defective child seats manufactured and/or designed by Century, such as the one involved in this accident.

## III. Cause(s) of Action as to Defendant

10. It was entirely foreseeable to and well-known by Defendant that accidents and incidents involving its child seats, such as occurred herein, would on occasion take place during the normal and ordinary use of said child seats.

11. The injuries and damages complained of herein occurred because the child seat in question was not reasonably crashworthy and/or it was not reasonably fit for unintended, but clearly foreseeable, accidents. The child in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

12. Defendant Graco Children's Products, Inc., although it may not have actually designed, manufactured, marketed, assembled, and/or tested the subject child seat, has assumed all liabilities for claims with respect to the child seat in question.

13. Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said child seat in question.

14. Defendant knew or should have known of safer alternative designs which would have prevented the injuries to the minor Plaintiff.

15. Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said child seat in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the child seat was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested

because Defendant knew and/or should have known of the following, non-exhaustive list of defects:

    a. the booster seat failed to provide proper restraint;
    b. the booster seat violates the purpose(s) of a restraint system;
    c. the booster seat violated principles of crashworthiness by not providing proper restraint;
    d. the booster seat fails to correlate with the seatbelt design such that the booster seat renders the seatbelt restraint ineffective;
    e. the booster seat caused or contributed to cause the vehicle's seatbelt to violate SAE J4C and/or SAE J128;
    f. the booster seat is essentially a crate to raise a child's buttocks off the seat with no consideration for securing the restraint to the booster, the child to the booster, or providing safety and security to the child;
    g. the child seat's structure was weak and/or inferior;
    h. Because the upper portion of the booster is removable and had been removed, this permitted the booster seat to rotate/pivot out from underneath the properly restrained child. The child then hyperflexed around the lap belt suffering a paralyzing injury;
    i. Because the upper portion of the booster is removable and had been removed, there is no attachment for the shoulder belt to be affixed to which will position the shoulder belt snugly against the child's upper torso which promoted hyperflexion if the booster bottom pivots out from underneath the child in an accident;
    j. Because the upper portion of the booster seat is removable and had been removed, the booster seat fails to provide proper restraint;
    k. Because the upper portion of the booster seat is removable and had been removed, the booster seat fails to provide adequate safety;
    l. Because the upper portion of the booster seat is removable and had been removed, the booster seat violates principles of crashworthiness;
    m. Because the upper portion of the booster seat is removable and had been removed, the booster seat fails to provide adequate occupant protection;

    n.    Because the upper portion of the booster seat is removable and had been removed, the booster seat's geometry actually creates a hazard where the base can pivot out from underneath the lap belt;

    o.    The booster seat was not properly tested by the defendant to evaluate the risks, hazards and danger of the booster base pivoting or rotating underneath the lap belt;

    p.    The defendant failed to conduct thorough and appropriate engineering analysis to evaluate the risks, hazards and danger of the booster base rotating underneath the lap belt; and/or

    q.    Defendant failed to conduct a proper engineering analysis and/or Defendant failed to conduct thorough testing of the subject seat.

16. Defendant was negligent in the design, manufacture, assembly, marketing, and/or testing of the child seat in question.

17. Defendant owed the minor Plaintiff a duty to use reasonable care in the design, manufacture, preparation, testing, instructing, and/or warnings surrounding the subject seat.

18. In designing a child seat, efforts should be made by manufacturers to identify potential risks, hazards, and/or dangers that can lead to serious injury or death.

19. Once potential risks, hazards, and/or dangers are identified, then the potential risks, hazards, or dangers should be eliminated if possible.

20. If the potential risks, hazards, and/or dangers can't be eliminated, then they should be guarded against.

21. If the potential risks, hazards, and/or dangers can't be eliminated or guarded against, they should at least be warned about.

22. A company that does not conduct a proper engineering analysis that would help it to identify potential risk, hazards, and/or dangers that could seriously injure

someone is negligent.

23. The foregoing acts and/or omissions of Defendant and/or the defective nature of the seat were a producing, direct, and/or proximate cause of the serious injuries to the minor Plaintiff.

24. The foregoing acts and/or omissions of Defendant were a producing, direct, and/or proximate cause of the minor Plaintiff's damages.

## VI. Damages

25. As a result of the acts and/or omissions of the Defendant, the minor Plaintiff seeks all elements of damage available under Arkansas law including, but not limited to, the following:

   a. Physical pain and mental anguish in the past and future;
   b. Disfigurement in the past and future;
   c. Physical impairment in the past and future;
   d. Medical expenses in the future;
   e. Loss of enjoyment of life; and
   f. Damage to earning capacity.

26. Plaintiff further seeks pre-judgment and post-judgment interest as allowed by law.

27. Plaintiff reserves the right to amend this complaint by adding additional counts as discovery continues.

28. The above and foregoing acts and/or omissions of Defendant, resulting in the injuries and damages complained of herein, have caused actual damages to Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

## VII. Conclusion and Prayer

29. Plaintiff demands a trial by jury.

30. For the reasons presented herein, the minor Plaintiff prays that upon a final trial of this cause, Plaintiff recovers judgment against Defendant for:

   a. actual damages;
   b. economic and non-economic damages;
   c. prejudgment and post-judgment interest at the maximum legal rate provided by law;
   d. costs of suit; and
   e. all other relief, general and special, to which Plaintiff is entitled to at law and/or in equity, and/or which the Court deems proper.

Respectfully submitted,

**The TRACY firm**

  /s E. Todd Tracy
E. Todd Tracy (Lead Counsel)
Texas State Bar No. 20178650
(*Pro Hac Vice*)
EToddTracy@vehiclesafetyfirm.com
Andrew G. Counts
Texas State Bar No. 24036408
(*Pro Hac Vice*)
ACounts@vehiclesafetyfirm.com
4701 Bengal Street
Dallas, Texas  75235
(214) 324-9000 – Phone
(972) 387-2205 – Fax

**Attorneys for Plaintiff**

# CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of November, 2015, I caused to be electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Arkansas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

  /s E. Todd Tracy
E. Todd Tracy