IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ERIN POWELL, as next friend to J.P., a minor child | * * * | |
| Plaintiff | * * | |
| V. | * * | NO: 4:14CV00661 SWW |
| GRACO CHILDREN'S PRODUCTS, INC. | * * * | |
| Defendant | * | |

## ORDER

On November 10, 2014, Erin Powell ("Powell") commenced this product liability action on behalf of her minor son, J.P.  Now before the Court is Powell's motion [ECF No. 32] asking the Court to appoint A. Powell Sanders to serve as J.P.'s guardian ad litem.  The time for filing a response expired on March 14, 2015, and Defendant has not responded.  After careful consideration, and for reasons that follow, the motion is denied.

Pursuant to Rule 17(c)(1) of the Federal Rules of Civil Procedure, a parent qualified as a general guardian may sue on behalf of his or her minor child, without court appointment.  *See* Fed. R. Civ. P. 17(c)(1); *see also M.S. v. Wermers,* 557 F.2d 170, 174 (8th Cir. 1977).   Powell, J.P.'s mother, brought this action through counsel on her son's behalf, and she serves as his representative in this case.   Powell now requests that the Court appoint A. Powell Sanders, an attorney, as guardian ad litem for J.P. to  "review offers of settlement J.P. may receive and to make recommendations to the court as to . . . the best interest of J.P." ECF No. 32, ¶ 5.

The power to appoint a guardian ad litem for a minor under Rule 17(c), which mirrors Ark. R. Civ. P. 17(b), is limited to cases where the minor is "not otherwise represented" in an

action.  "As a general rule, a federal court cannot appoint a guardian ad litem in an action in which the [minor] already is represented by someone who is considered appropriate under the law of the forum state."  6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1570, p. 665 (3d ed. 2010); *see also Hamm v. Office of Child Support Enf't*, 336 Ark. 391, 395, 985 S.W.2d 742, 744 (1999)(finding that trial court was not obliged to appoint a guardian ad litem where minor's parents, as guardians, represented minor in the case).  Powell does not allege that she has ceased to be an adequate representative for her son, nor does she state any reason why she cannot adequately represent her son's interests regarding settlement offers.  Finding no cause for appointing a guardian ad litem to represent the interests of J.P., the Court finds that Plaintiff's motion [ECF No. 32] should be and it is hereby DENIED.

    IT IS SO ORDERED THIS 15TH  DAY OF MARCH, 2016.

                                                      <u>/s/Susan Webber Wright</u>

                                                    UNITED STATES DISTRICT JUDGE